UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jeffrey Colin Purdy, | Case No. 22-cv-2821 (JRT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael J. LeJeune,<br>*Warden FCI-Sandstone,* | |
| Respondent. | |

---

Petitioner Jeffrey Colin Purdy ("Purdy" or "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging the failure by the Bureau of Prisons ("BOP") to properly calculate and apply his First Step Act ("FSA") time credits towards his sentence.  (Dkt. 1.)  Petitioner has also filed a Motion to Consolidate (Dkt. 63), seeking to consolidate this matter with *Purdy v. James et al.*, Case No. 23-cv-3148 (JRT/LIB).[1]  This case has been referred to the undersigned United States Magistrate Judge for decisions on pre-trial matters and to issue a report and recommendation on dispositive motions pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

---

[1] The Court notes that United States Magistrate Judge Leo I. Brisbois has recommended dismissal of the Section 2241 Petition and denial of the Motion to Consolidate as moot in that matter based on Purdy's release.  *Purdy v. James et al.*, Case No. 23-cv-3148 (D. Minn.), Dkt. 9 (Dec. 22, 2023).

## I.   FACTUAL BACKGROUND

On October 31, 2023, this Court issued an Order to Show Cause (Dkt. 68) why the Petition should not be denied as moot given that Purdy is under the supervision of the Minneapolis residential reentry management ("RRM") field office.  *See* Inmate Locator, https://www.bop.gov/inmateloc/.[2]  The Court's Order to Show Cause instructed Petitioner as follows:

> The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. Const. art. III, § 2.  "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot."  *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)).  The federal courts lack jurisdiction to hear moot cases.  *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999).  Thus, when an action is moot because it no longer satisfies the case-or-controversy requirement, "a federal court must dismiss the action." *Potter v. Norwest Mortg.*, 329 F.3d 608, 611 (8th Cir. 2003) (citing *Minn. Humane Soc'y,* 184 F.3d at 797).
>
> Here, the core relief requested by Purdy is an order directing the BOP to give him credit for completing programming at a higher rate under the FSA, which, if granted, would move up his supervised release date. (Dkt. 1.)  But, as noted above, publicly accessible BOP records and Respondent's filings indicate that Purdy has now been released from BOP custody and is on supervised release under the supervision of U.S. Probation.  Accordingly, within 30 days of the date of this Order, Purdy is ordered to submit a reasoned memorandum explaining why this matter should not be recommended for dismissal as moot.  *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (concluding that the Section 2241 petitions are moot because the relief sought in the petitions had already been granted).  If Purdy fails to submit a response within that timeframe, the Court will recommend that this matter be dismissed without prejudice as moot.

---

[2]   Petitioner's status remains unchanged as of the date of this Report and Recommendation.  *See* https://www.bop.gov/inmateloc/ (last visited Jan. 24, 2024).

2

(Dkt. 68.)

Petitioner has failed to respond to the Order to Show cause. On or about December 21, 2023, Petitioner communicated with the Clerk of Court, claiming that he had not received a copy of the Order to Show Cause. The Order was sent to Purdy on November 14, 2023 to the 15th Street North, Fargo, North Dakota address he provided to the Clerk's Office's help desk and was sent a second time to the same address on December 21, 2023, after Purdy told the Clerk's Office he had not received the copy mailed on November 14, 2023. Since that date, Purdy has not responded to the Order to Show Cause or otherwise communicated with the Clerk's Office or the Court, and there is no record of undeliverable mail to the 15th Street address. In any event, "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by falling to provide a current address at which he or she can be reached." *Grant v. Astrue*, No. 9-cv-2818 (DWF/JSM), 2010 WL 3023915, at *2 (D. Minn. July 13, 2010) (marks and citation omitted).

## II.    ANALYSIS

In sum, based on the record, and as stated in the October 31, 2023 Order to Show Cause (Dkt. 68), the core relief requested by Purdy is an order directing the BOP to give him credit for completing programming at a higher rate under the FSA, which, if granted, would accelerate his supervised release date. (*See* Dkts. 1, 68.) The publicly accessible BOP records, as well as Respondent's filings, indicate that Purdy has now been released from BOP custody and is on supervised release under the supervision of U.S. Probation. Consequently, there is no further relief that this Court can grant as to Purdy's release

date, meaning the Petition should be dismissed and the Motion to Consolidate denied as moot. *See Miller*, 527 F.3d at 756.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. First, there is no evidence of any cognizable collateral consequences that resulted from Purdy not being released as early as he believed he should have been or related to his requested supervised release. *See Scheper v. Rios*, 19-CV-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020), *R. & R. adopted,* 2020 WL 4059875 (D. Minn. July 20, 2020).

As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1193 (8th Cir. 2007). Here, there is nothing remaining to litigate in this case, and there is no indication that Petitioner will be held in federal custody again. *See Ahmed*, 2017 WL 3267738, at *3.

As to the exception for when the "voluntary cessation of illegal conduct can be resumed," further detention is unlikely because Purdy is no longer in BOP custody. Nevertheless, even assuming Purdy was brought back into BOP custody, it would be under a new set of circumstances and facts and, consequently, "impossible for the government to repeat the same unlawful conduct that [Petitioner] challenged." *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (emphasis omitted). In any event, Purdy would have the ability to bring a new habeas petition under a new set of facts and circumstances should he be returned to BOP custody.

Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See Ahmed*, 2017 WL 3267738, at *3.

Accordingly, the Court recommends dismissal of the Petition and denial of Motion to Consolidate as moot.

### III.   RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED that**:

1. Jeffrey Colin Purdy's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED** as moot; and

2. Jeffrey Colin Purdy's Motion to Consolidate (Dkt. 63) be **DENIED** as moot.

Dated: January 24, 2024                    <u>*s/Elizabeth Cowan Wright*</u>
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

**<u>NOTICE</u>**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).